Curia, per

Butler, J.
The true question, in this case, is, Was Jones barred by the recovery against him, in the Case of Gee vs. Jones, from availing himself of Stephenson’s title at any subsequent time, either by action, or in defence. And this question depends, not only on what was decided in that case, but upon whether it be allowable to inquire into and ascertain by evidence, what was the issue which was submitted to the jury, and which necessarily fell within the scope of their verdict. For, if the verdict of the jury was but the judgment of the law upon a point that superceded all others, and which must have precluded the consideration of Stephenson’s title, then the case would be relieved of some of the embarrassing circumstances that seem to attend it.
There was. nothing apparent on the record of Gee vs. Jones, that could be pleaded, or used by the present defendants by way of estoppel to Jones’s rights under Stephenson’s title. An estoppel precludes parties and privies from contending to the contrary of that point, or matter of fact which, having been once distinctly putin issue by them, or by those with whom they are privy in estate, of law, has been, on such issue joined, solemnly found against them. It is not the recovery, but the *256 matter alledged by the party, and upon which the recovery proceeds, that creates the estoppel. (Outram vs. Morewood, 3 East. R. 355.) Now, if Jones had alledged in his pleadings, in the case of Gee against himself, that he relied on Stephenson’s title, then the verdict would have been an es-toppel to him as to the same title. No such thing appears on that record, and the recovery may' or may not be a bar, according to circumstances.
If Stephenson’s title, which, it seems, was given in evidence by Jones on that trial, either was, in iact, or could have been passed on by the jury, it might, be a bar as to the parties to the record and their privies. This brings up the question, is it competent, to go into that trial to ascertain what were the issues submitted to the jury, and upon which they must have decided?
In the case of Seddon vs. Tutop, (Esp. R. 401,) it was decided that, where there has been judgment by default, in an action on a bill of exchange, and, also, for goods sold and delivered, and the plaintiff, by mistake, takes a verdict for but one of these demands, he may afterwards maintain an action for the other. Lord Kenyon, who delivered the opinion of the court, says, “ where a man" brings an action, it must be presumed it is for the whole of his demand, but it is not conclusive ; he may shew that, in point of fact, he did, in such action, go to recover part of the demand only. He may also shew that he did not, under the first action before the jury, go into any evidence of that demand which is the subject of the second action; for, if he did, and failed, it would be conclusive.” According to this, was it not competent for the plaintiff, .Jones., to go into the evidence, to shew what were the issues which were submitted to the jury on the former trial ? I think he was properly allowed to go into such evidence.
This does not relieve us from another serious difficulty, which is, that it did not appear that Stephenson’s title was in *257 Evidence on the former trial; and, if the jury could havé passed on it, it fell within the scope of their verdict, and was concluded against this plaintiff. Upon examination, it will be found that the jury was not required to decide on that matter. Their verdict must be referred to a matter on which the law, itself, had pronounced its judgment independently of all other questions involved : viz. that Jones, having gone into possession of the land, as the tenant of Richard Ingram, could not claim against his landlord by any title which he might have acquired. The circuit judge reports that it was proved, on the former trial; that Jones had been put in possession of the land as the tenant of Richard Ingram. Whilst he occupied that relation, it is evident he could not acquire and be clothed with any other title, to defeat that of his landlord. It was not competent for him to be invested with Stephenson’s title until he was either evicted, or had gone out, himself, voluntarily. From the report, We must assume that the questiou was not submitted to the jury, Whether Jones was tenant of Ingram; but that it went to the jüry; as a conceded or established fact, that he was so. And, for the purpose of presenting the case as I wish to consider it, suppose that, when Jones was sued by Gee, he had set out in a plea that, since he went on the land, he had acquired Stephenson’s title, and that he was, by virtue thereof, the true owner of the' land; and the plantiffhad replied that such plea should not avail him, for that, by a written lease, Jones had gone on thé land as tenant of the plaintiff, or his lessee; and that Jones had demurred to this replication: The judgment of the court would have been, to over-rule the demurrer; the' effect of which would have beeil, to' evict Jones on account of his tenancy, and not to touch Stephenson’s title,- Which was admitted by the demurrer. The case having gone to the jury-on this precise state of facts, their verdict embraced nothing more than the conclusion of law. Not that the tille set out,- or given in evidence,- was bad, but that Jones could.not avail *258 himself of it. The validity of the title, and Jones’ ability to use it, are different things. Technically and strictly speaking, Jones was not availably and beneficially invested with Stephenson’s title, until after his eviction, and therefore subsequent to the former trial.
Dargan Sf Sims for the motion ; Law, contra.
I think, therefore, that Jones was not precluded, by any thing in the former recovery, from protecting himself under Stephenson’s title, which, it seems, was never devested by the basely fraudulent attempts to destroy it.
But it is said that, when Jones took Stephenson’s title, or rather, authority to enter under it, he should have gone out and have brought his action, either in his own, or in Stephenson’s name, and that, not having done so, he was precluded from all right to resort to it at any subsequent time, without offending the maxim, nemo debet bis vexari. The couse indicated may have been desirable, but I do not think that a man’s mistake, or forbearance in the assertion or exercise of his rights, should always destroy, or put them in jeopardy, so that he cannot ultimately enjoy them. After Jones’ tenancy had been dissolved by his being put out of the land, he had a right to re-enter under the true legal title, unless it had been previously adjudicated; which we think had not been done. His entry on and possession of the land being lawful, the plaintiff has shewn his right to maintain this action. The verdict must therefore stand, and a new trial is refused.
Gantt, Richardson, Evans and Earle, JJ. concurred,